IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Hillie, | C/A No. 0:09-1422-SB-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden Stan Burtt, Warden McKeither Bodison, Lt. Smith; Lt. Miller, Grievance Clerk Jenkins, Grievance Clerk Hardin, Classification Clerk Ms. Odom, Classification Clerk Ms. Rembert, Dr. Robert Babb; Head Nurse Powell; Food Supervisor Reeves; Food Supervisor Deloch; Food Supervisor Felder; and Food Supervisor Ms. Myers, sued in their individual capacities, | |
| Defendants. | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the plaintiff's motion for an injunction. (Docket Entry 12.) The plaintiff, Tyrone Hillie ("Hillie"), a self-represented inmate of the South Carolina Department of Corrections ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983. He alleges, among other things, that he is visually impaired and complains that the defendants are not providing him with a cane and tinted glasses. In the instant motion, Hillie seeks an injunction against SCDC requiring it to provide him with "visual aid equipment" so that he may prosecute this action. (Docket Entry 12.)

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269-70 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide

ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[1] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77).

Here, Hillie has not demonstrated a likelihood of success on the merits. Moreover, although he presents a general request for visual aid equipment to assist him with this lawsuit, he has alleged

---

[1] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 129 S. Ct. at 375-76.

PJG

no harm, much less irreparable harm.[2] Even if he could establish these vital first two elements, Hillie has not shown that the balance of harm—if there were any—tips in his favor. See Wetzel, 635 F.2d at 288 ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). Finally, and significantly, Hillie cannot justify the public harm that would occur if the court were to usurp prison administrators' decision making regarding such internal matters. See id. at 290 (recognizing the public interest in personal safety and security of the public from potentially dangerous inmates and finding that the district court failed to give proper consideration to the public interest); Real Truth, 575 F.3d at 347 (discussing the importance of the public interest requirement).

## RECOMMENDATION

Hillie has not carried his heavy burden to show that he is entitled to the extraordinary remedy of injunctive relief. Accordingly, the court recommends that the plaintiff's motion (Docket Entry 12) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 28, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] The court notes that Hillie obtained an extension of time to respond to the defendants' summary judgment motion and has presented no evidence whatsoever that the lack of visual aid equipment is impeding his access to the courts. (See Docket Entry 40.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).