IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Hillie, | ) | C/A No. 0:09-1422-SB-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Stan Burtt, Warden McKeither Bodison, Lt. Smith; Lt. Miller, Grievance Clerk Jenkins, Grievance Clerk Hardin, Classification Clerk Ms. Odom, Classification Clerk Ms. Rembert, Dr. Robert Babb; Head Nurse Powell; Food Supervisor Reeves; Food Supervisor Deloch; Food Supervisor Felder; and Food Supervisor Ms. Myers, sued in their individual capacities, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Tyrone Hillie ("Hillie"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 34.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hillie was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 35.) Hillie filed a response in opposition (Docket Entry 48) and the defendants filed a reply (Docket Entry 51.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

## BACKGROUND

Hillie is housed at Lieber Correctional Institution ("Lieber"), and the parties are in agreement that he is legally blind. Liberally construed, Hillie's Complaint alleges: (1) that his custody level entitles him to certain benefits and privileges that he is not receiving due to his visual impairment; (2) that he sustained injuries because he was not provided with a walking cane and glasses for his visual impairment; (3) that the Education Department at Lieber lacks equipment and books for the visually impaired; and (4) that the meals served at Lieber did not meet "dietary standards." (Compl. ¶¶ 30-36, Docket Entry 1 at 4-5.)[1] Hillie asserts that the defendants' actions violated his Equal Protection and Due Process rights under the Fourteenth Amendment to the United States Constitution. (Id.). Hillie requests monetary damages and that he be transferred to another institution that "has the necessary facilities, equiptment, [*sic*] and staff to house a visually impaired inmate." (Compl., Docket Entry 1 at 6.) In support of their motion for summary judgment on this claim, the defendants have submitted various affidavits, excerpts of Hillie's medical records, and copies of grievances filed by Hillie.

## DISCUSSION

**A.** **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

---

[1] Hillie clarifies in his memorandum in opposition that he is not bringing a claim based on an inability to participate the prison work program.

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Hillie's Claims**

    **1.     Custody Status**

Hillie's claims regarding his custody status fail to state a cause of action under § 1983. Prisoners have no right under the Constitution to be held in a particular custody status. Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) (stating that "the security and custody classification of state

Page 3 of 9

PJG

prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints"). It therefore follows that Hillie's assertion that he is not receiving the privileges of his custody status similarly fails to state a claim. See generally Pierre v. Ozmint, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946 (D.S.C. Feb. 24, 2010) (unpublished) (discussing common privileges of prison life and noting that they do not implicate the Fourteenth Amendment). Further, the Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. Beard v. Banks, 548 U.S. 521, 528 (2006); Overton v. Bazzetta, 539 U.S. 126, 131-32 (2003); O'Bar v. Pinion, 953 F.2d 74, 83 (4th Cir. 1991) ("Prison officials are given broad administrative discretion in the management of the confinement of inmates, and no liberty interest is implicated so long as the 'conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and does not otherwise violate the Constitution. . . . ' ") (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

### 2. Deliberate Indifference to Medical Needs

To the extent that Hillie raises an Eighth Amendment claim[2] alleging that Defendants Babb, Powell, Bodison, Thompson, Jenkins and Hardin were deliberately indifferent to his serious medical needs, this claim fails for several reasons. To prevail on a claim pursuant to § 1983, a plaintiff must show: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. Deliberate indifference by prison personnel to a prisoner's medical

---

[2] Although Hillie appears to present the claim as arising under the Fourteenth Amendment, the court notes that claims of medical indifference for prisoners arise under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); cf. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (stating that denial of medical care claims for pretrial detainees arise under the Fourteenth Amendment).

needs is actionable under § 1983 pursuant to the Eighth Amendment to the United States Constitution. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). To establish a claim under the Eighth Amendment, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010)

(internal quotation marks and citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Hillie has presented no evidence from which a reasonable jury could find that the facts of which he complains presented a substantial risk to his health or safety. See Farmer, 511 U.S. at 837 (stating that the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Here, the undisputed evidence shows that on November 6, 2007 and February 8, 2008, Hillie was examined by medical department staff who noted bruising on his knees and shins that Hillie explained was the result of bumping into things. (Med. Records, Docket Entry 34-3 at 5.) Hillie was prescribed muscle rub and ibuprofen. (Id.) Hillie has failed to demonstrate that a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities." See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993) ("In order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."). Moreover, Hillie has since received a cane for the blind and been approved to have tinted glasses sent to him from home. (Babb Aff., Docket Entry 34-3 at 2; Med. Records, Docket Entry 34-3 at 4, 7.) Based on this undisputed evidence, no reasonable jury could find that the defendants were deliberately indifferent to any serious medical need of Hillie.

### 3. Education Claim

Hillie also complains that he is unable to participate in the educational programs at his facility due to the lack of materials for the visually impaired. Hillie has failed to show how this deficiency violates the Fourteenth Amendment. See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that federal prisoners have no constitutionally protected interest in prison

PJG

classifications or rehabilitative programs); Harris v. Murray, 761 F. Supp. 409 (E.D. Va. 1990) ("[T]here is no constitutional right to an institutional job or, in fact, to rehabilitation at all.").

**4. Diet**

Hillie alleges that the meals served at Lieber "did not meet dietary standards and the food was not fresh which made [Hillie] sick." (Compl. ¶ 36, Docket Entry 1 at 5.) It is well settled that prisoners have a right to "nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (internal quotations marks and citation omitted); see also Farmer v. Brennan, 511 U.S. 825, 833 (1994). The Constitution does not guarantee, however, food that is prepared and served in a culinarily pleasing manner. See Lunsford v. Bennett, 17 F.3d 1574 (7th Cir. 1994) (holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim); LaMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (holding that a temporary diet of Nutraloaf did not rise to a constitutional violation); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); see also Williams v. Berge, 102 Fed. Appx. 506, 507 (7th Cir. 2004) (unpublished) ("Prisoners have a right to adequate food, but not to food that is tasty or even appetizing[.]") (internal citations omitted). Prisoners simply cannot expect the "amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988); see also Lasure v. Doby, C/A No. 0:06-cv-1527, 2007 WL 1377694, *5 (D.S.C. May 8, 2007) (unpublished) (noting that plaintiff was "being held in a [] jail facility, not a hotel"). Although Hillie alleges that food served at Lieber made him sick, he provides no further details on or support for this allegation. Moreover, he has failed to refute the defendants' affidavits that aver Hillie is receiving adequate food and has

Page 7 of 9

*PJG*

maintained a healthy weight.  (Bodison Aff., Docket Entry 34-4 at 2; Babb Aff., Docket Entry 34-3 at 2.)

**C.     Qualified Immunity**

Additionally, the defendants are entitled to qualified immunity.  Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").  To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct.  Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009).  Because Hillie has failed to establish that he was deprived of a constitutional right, the defendants are entitled to qualified immunity.

**RECOMMENDATION**

Based on the above, the court recommends that the defendants' motion for summary judgment (Docket Entry 34) be granted.  In light of this recommendation, any pending motions should be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 2, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).