IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 OCT 26 P 3: 40

Tyrone Hillie,                          )
    Plaintiff,                       )        Case No. 0:09-cv-1422-RMG
                  )
        v.                         )        ORDER
                  )
Warden Stan Burtt, et. al.,              )
    Defendants.                      )
_____ )

This is a *pro se* action brought by a prisoner, Tyrone Hillie (hereafter "Mr. Hillie") pursuant to 42 U.S.C. § 1983. Mr. Hillie asserts that Defendants, various state prison officials at Lieber Correctional Institute, deprived him of his constitutional rights by failing to provide him appropriate services relating to his visual impairment. This matter was referred to the United States Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(B)(1)(a) and (b) and Local Rule 73.02(B)(2)(c) and (e). The Magistrate has issued a Report and Recommendation that Defendants' Motion for Summary Judgment should be granted. (Entry 52) Plaintiff has filed objections to the Report and Recommendation. (Entry 58). As explained herein, this Court agrees with the Report and Recommendation and grants the Defendants' Motion for Summary Judgment.

**LAW/ ANALYSIS**

The Magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or

-1-

recommendations made by the magistrate." 28 U.S.C. § 636(B)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." Id. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F. 2d 198 (4th Cir. 1983).

Plaintiff has asserted specific objections to the Magistrate Judge's Report and Recommendation relating to his claims for alleged inadequate medical treatment and alleged deprivation of educational materials for the visually impaired. Plaintiff, who all parties agree is legally blind, asserts that he received "inadequate medical treatment and care" because he was provided a wooden cane which was not the standard length of a "legal visually blind cane." (Entry 58, p.4) Plaintiff contends that as a result of the Defendants' failure to provide him a cane of proper length, he suffered certain bruises when he "bumped into thing[s]". Id. at 4-5. Plaintiff further objects to the failure of Defendants to provide him "his own tinted glasses." Id. at 5. Additionally, Plaintiff objects to the Magistrate's rejection of his claims of denial of equal access to educational services because he was not provided "talking book machines and other special services." Id. at 7.

The record before the Court reveals that Mr. Hillie was determined to be legally blind in September 2005 and was provided at that time a wooden cane to assist him. (Entry 58, p.4) Mr. Hillie was subsequently issued a longer "blind cane" in September 2007. Id. at 5. Mr. Hillie's medical record reveals that both before and after the issuance of the longer "blind cane" he suffered bruising because he "sometimes bumps into things." (Entry 34-3, p. 5) (Medical Records of November 6, 2007 and February 8, 2008). He was treated with muscle rub and ibuprofen for his bruising. Id. The medical record further reveals that Mr. Hillie's request for sunglasses was approved and he was allowed to receive sunglasses provided from his home. (Entry 34-3, p. 4 and

7).

The Magistrate Judge evaluated Plaintiff's claims under the "deliberately indifferent" standard pursuant to the Eighth Amendment. To establish such a claim, the Magistrate Judge noted that the Plaintiff would have to demonstrate the deprivation of appropriate medical care was sufficiently serious to result "in the denial of the minimal civilized measures of life's necessities" and the culpable prison official was deliberately indifferent to the inmate's health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Magistrate Judge concluded that "Hillie has presented no evidence from which a reasonable jury could find that the facts which he complains presented a substantial risk to his health or safety" or "could find that the defendants were deliberately indifferent to any serious medical need of Hillie." (Entry 52, p.6) The Court finds the Magistrates Judge's findings are well supported by the record and the legal conclusions are in accord with controlling legal precedent.

Plaintiff further specifically objects to the findings of the Magistrate Judge relating to the his claim for deprivation of equal educational opportunities because he was allegedly deprived of "talking book machines and other special services" for the visually impaired. (Entry 58, p. 7) Defendants submitted testimony by way of affidavit that tapes and braille material were available to Mr. Hillie in the Chaplain's Office and he was given access to an electronic device to play chess with his cell mate. (Entry 34-7, p. 2-3) Defendants further assert that Mr. Hillie has never been denied the opportunity to participate in any educational program. (Entry 34-1, p.6) Mr. Hillie identified no educational program in which he was denied access.

As a legally blind inmate, Mr. Hillie is clearly subject to the protections of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et. seq., which prohibits a "public entity" from

discriminating against a "qualified individual with a disability." <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206, 208 (1998). Defendants readily acknowledge the application of the ADA to Mr. Hillie but assert that he has been afforded access to reading materials adapted to his disability and note Mr. Hillie has identified no program in which he has been denied access. (Entry 34-1, p.6) The Court finds that the record fails to support a claim of deprivation of Mr. Hillie's rights under the ADA.

Finally, Mr. Hillie objects to the Magistrate Judge's finding that the Defendants are entitled to qualified immunity because the Plaintiff "has failed to establish that he was deprived of a constitutional right." (Entry 52, p. 8; Entry 58, p. 7-8) The Court finds that the factual record and controlling precedent support the Magistrate Judge's finding of qualified immunity in this matter.[1]

Based on the foregoing, it is hereby **ORDERED** that the Defendants Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 26, 2010
Charleston, South Carolina

_____

[1] Plaintiff submitted a "Motion for and Order for Production" dated July 6, 2010, which was seven months after the Defendants filed their Motion for Summary Judgment and over one year after the filing of the Complaint. The documents requested related to Mr. Hillie's ophthalmology records, which Defendants assert were available to Mr. Hillie at any time upon his request. (Entry 57, p.1) The Magistrate Judge's Report and Recommendation was issued on July 6, 2010. The Court finds no justification for the delay in requesting these records and this Motion is, therefore, denied.